**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 10- |
| v. | : | DATE FILED:  March 4, 2010 |
| COLLEEN R. LAROSE,<br>    a/k/a "Fatima LaRose,"<br>    a/k/a "JihadJane" | :<br>:<br>:<br>:<br>: | VIOLATIONS:<br>18 U.S.C. § 2339A (conspiracy to provide material support to terrorists  - 1 count)<br>18 U.S.C. § 956 (conspiracy to kill in a foreign country - 1 count)<br>18 U.S.C. § 1001 (false statement to government official - 1 count)<br>18 U.S.C. § 1028 (attempted identity theft - 1 count) |

**I N D I C T M E N T**

**COUNT ONE**

**(Conspiracy to Provide Material Support to Terrorists)**

**THE GRAND JURY CHARGES THAT:**

At all times relevant to this indictment unless otherwise stated:

1. Defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," was a woman citizen of the United States who resided with K.G. in Montgomery County, Eastern District of Pennsylvania, until on or about August 23, 2009, after which she traveled to Europe.

2. From in or about 2008, through on or about October 15, 2009, within the Eastern District of Pennsylvania and elsewhere, defendant

**COLLEEN R. LAROSE,
a/k/a "Fatima LaRose,"
a/k/a "JihadJane,"**

conspired and agreed with others known and unknown to the Grand Jury to provide "material

support and resources," as that term is defined in 18 U.S.C. § 2339A(b), including but not limited to logistical support, recruitment services, financial support, identification documents, and personnel, and to conceal and disguise the nature, location, source, and ownership of such material support and resources, knowing and intending that the material support and resources were to be used in preparation for and in carrying out violations of Title 18, United States Code, Section 956 (conspiracy to kill in a foreign country).

## MANNER AND MEANS

It was part of the conspiracy that:

3. Defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," and others known and unknown to the Grand Jury, recruited men online to wage violent jihad in South Asia and Europe.

4. Defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," and others known and unknown to the Grand Jury, recruited women online who had passports and the ability to travel to and around Europe in support of violent jihad.

5. Defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," and others known and unknown to the Grand Jury, solicited funds for terrorists online.

## OVERT ACTS

In furtherance of this conspiracy, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the Eastern District of Pennsylvania and elsewhere:

1. On or about June 20, 2008, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," posted a comment on YouTube (an information and video sharing website) under the username "JihadJane," stating that she is "desperate to do something somehow to help" the suffering Muslim people.

2. On or about December 8, 2008, Unindicted Co-Conspirator ("CC") #1, a resident of a South Asian country (whose full e-mail address is known to the Grand Jury), sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," stating CC #1's desire to wage jihad and become a "shahed" (martyr).

3. On or about December 9, 2008, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #1, replying that she also desires to become a martyr.

4. On or about January 2, 2009, CC #2, a resident of a Western European country (whose full e-mail address is known to the Grand Jury), sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," advising LAROSE of CC #2's desire to become a martyr in the name of Allah, and stating "i tried twice but i wasnt successful . . . [but] i will . . . try until Allah will m[a]ke it easy for me."

5. On or about January 2, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #2, replying that she also desires to become a martyr in the name of Allah.

6. On or about February 20, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #1, advising CC #1 that her physical appearance would allow her to "blend in with many people," which "may be a

way to achieve what is in my heart."

7. On or about March 6, 2009, CC #3, a resident of a South Asian country (whose full e-mail address is known to the Grand Jury), sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," asking LAROSE to invite another male fighter "to come here and get the training."

8. On or about March 6, 2009, CC #3 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," stating that CC #3 "can deal in bombs and explosives effecti[v]ely."

9. On or about March 6, 2009, CC #3 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," stating that LAROSE "can get access to many places due to ur nationality."

10. On or about March 7, 2009, CC #3 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," asking LAROSE to "marry me to get me inside europe."

11. On or about March 7, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent electronic communications to CC #3 agreeing to obtain residency status in a European country and marry CC #3.

12. On or about March 10, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to the Swedish Embassy, asking for instructions on acquiring permanent residency status in Sweden.

13. On or about March 22, 2009, CC #3 sent electronic communications to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," directing her to

commit murder, and saying, "go to sweden . . . find location of [Resident of Sweden, hereafter referred to as "RS #1"] . . . and kill him . . . this is what i say to u."

14. On or about March 22, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #3, agreeing to kill RS #1, and stating "i will make this my goal till i achieve it or die trying."

15. On or about March 22, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #3 stating, "i agree that it is good i blend in."

16. On or about March 22, 2009, CC #3 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," directing LAROSE to "kill [RS #1] in a way that the whole Kufar [non-believer] world get frightened."

17. On or about July 1, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," posted or caused to be posted an online solicitation for funds to support terrorism.

18. On or about July 8, 2009, CC #4, a resident of the United States (whose full e-mail address is known to the Grand Jury), posted or caused to be posted an online solicitation for funds to support terrorism on behalf of defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," stating, "I write this message on behalf of a respected sister . . . . The sister has been in touch with a brother . . . [who] has appealed for urgent funds stating that his resources are limited. . . . [T]he sister has provided me proofs that have confirmed that the brother is . . . true . . . . I know the sister and by Allah, all money will be transferred to her. The sister will then transfer the money to the brother via a method that I will not disclose."

19.   On or about July 17, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," falsely told agents of the Federal Bureau of Investigation that she had never solicited funds for terrorism, had never made postings to a terrorist website, and had not used the on-line username "JihadJane."

20.   On or about August 6, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #5, a resident of an Eastern European country (whose complete username is known to the Grand Jury), asking CC #5 whether CC#5 has a passport and wants to join the jihadist cause.

21.   On or about August 11, 2009, CC #4 forwarded a questionnaire to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," in which CC #4 asked another woman about her beliefs and intentions with regard to jihad.  In his questionnaire, CC #4 stated that the "most important" questions are:  "Are you a European citizen and do you live in Europe?  If not, then do you have any traveling restrictions if you ever wanted to travel to Europe?  Do you have a European passport?"  CC #4 concluded his questionnaire by stating, "The reason why I am not providing much information as to why I am asking the above-mentioned information from you is due to security. . . .  Also if you have any contacts to other sisters[ ](only the ones whom you extremely trust...!!!), please forward this message to them."

22.   On or about August 21, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #1 stating, "i will be away from here in a couple days . . . .  Then . . . , I will get to work on importan[]t matters."

23.   On or about August 23, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," removed and concealed the hard drive from her home

computer.

24. On or about August 23, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," traveled to Europe with the intent to live and train with jihadists, and to find and kill RS #1

25. On or about August 23, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," knowingly took the United States passport of K.G. without his permission in order to provide it to the "brothers."

26. On or about August 31, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #1, telling CC #1 that CC #2 was "very eager to join other brothers" and wished to correspond with CC #1.

27. On or about September 3, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," performed online searches regarding RS #1 and his location.

28. On or about September 8, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," joined an online community hosted by RS #1 and became a "citizen" of RS #1's artists' enclave in Sweden.

29. On or about September 25, 2009, CC #1 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," saying "the brothers are ready," and asking LAROSE to send money to Somalia.

30. On or about September 28, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #1, stating, "i will tell whoever i ask about sending funds to there, that the reason i want to send money there is for a

sister, in other words i will lie to the kafir [non-believer] animals."

31.     On or about September 30, 2009, defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," sent an electronic communication to CC #3, stating that LAROSE considers it "an honour & great pleasure to die or kill for" CC #3, and pledging that "only death will stop me here that i am so close to the target!"

32.     On or about October 12, 2009, CC #3 sent an electronic communication to defendant COLLEEN R. LAROSE, a/k/a "Fatima LaRose," a/k/a "JihadJane," saying "tell me about [CC #2] and the documents."

All in violation of Title 18, United States Code, Section 2339A.

## COUNT TWO

### (Conspiracy to Kill In a Foreign Country)

**THE GRAND JURY FURTHER CHARGES THAT:**

    1.    Paragraph 1, and Overt Acts 12 through 16, 22 through 24, 27, 28, and 31 of Count One are incorporated here.

    2.    Beginning in or about March 2009, and continuing through on or about October 15, 2009, within the Eastern District of Pennsylvania and elsewhere, defendant

**COLLEEN R. LAROSE,**
a/k/a "Fatima LaRose,"
a/k/a "JihadJane,"

and others known and unknown to the Grand Jury, at least one of whom having been within the jurisdiction of the United States, knowingly, willfully, and unlawfully conspired with one another to commit outside the United States an act that would constitute the offense of murder if committed in the special maritime and territorial jurisdiction of the United States, that is, the murder of RS #1 (whose full name is known to the Grand Jury), a resident and citizen of Sweden, and one or more of the conspirators committed an act within the jurisdiction of the United States to effect an object of the conspiracy.

    All in violation of Title 18, United States Code, Section 956(a).

## COUNT THREE

### (False Statements to Government Officials)

**THE GRAND JURY FURTHER CHARGES THAT:**

1. The Federal Bureau of Investigation is an agency of the Executive Branch of the United States government.

2. On or about July 17, 2009, in Montgomery County, in the Eastern District of Pennsylvania, defendant

**COLLEEN R. LAROSE,**
a/k/a "Fatima LaRose,"
a/k/a "JihadJane,"

in a matter within the jurisdiction of the Federal Bureau of Investigation, knowingly and willfully made materially false, fictitious, and fraudulent statements and representations concerning a material fact, which statements involved international terrorism, in that defendant LAROSE stated she: (a) had never solicited funding for terrorism; (b) had never made postings to any terrorist websites; and (c) had no familiarity with the on-line username "JihadJane."

In violation of Title 18, United States Code, Section 1001.

# COUNT FOUR

## (Attempted Identity Theft)

**THE GRAND JURY FURTHER CHARGES THAT:**

From on or about August 23, 2009, through on or about October 15, 2009, in the Eastern District of Pennsylvania and elsewhere, defendant,

**COLLEEN R. LAROSE,**
**a/k/a "Fatima LaRose,"**
**a/k/a "JihadJane,"**

knowingly transferred, and attempted to transfer, an identification document, that is, a United States passport belonging to K.G., knowing that such document was stolen, and the identification document was or appeared to have been issued by or under the authority of the United States, and the offense was committed to facilitate an act of international terrorism (as defined in Section 2331(1) of Title 18).

In violation of Title 18, United States Code, Section 1028(a)(2), (b)(4), (f).


**A TRUE BILL:**


_____
**GRAND JURY FOREPERSON**


_____
**MICHAEL L. LEVY**
**United States Attorney**