IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | :     CRIMINAL NO. 10-123-01 |
| COLLEEN R. LAROSE<br>   a/k/a "Fatima LaRose,"<br>   a/k/a "JihadJane" | :<br><br>: |

GOVERNMENT'S CHANGE OF PLEA MEMORANDUM

I.  INTRODUCTION

Defendant Colleen R. LaRose has informed the government that she wishes to plead guilty to Counts One through Four of the Superseding Indictment in this case, which charges arise from her participation in a scheme to support and join forces with violent jihadists and to murder a man in furtherance of their cause, as follows: (a) conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count One); (b) conspiracy to kill in a foreign country, in violation of 18 U.S.C. § 956 (Count Two); (c) making a false statement to a government official relating to an international terrorism offense, in violation of 18 U.S.C. § 1001 (Count Three); and (d) attempted identity theft to facilitate an act of international terrorism, in violation of 18 U.S.C. § 1028 (Count Four).

II.  MAXIMUM PENALTIES

The Court may impose the following maximum sentences: (a) Conspiracy to provide material support to terrorists, in violation of 18 U.S.C. § 2339A (Count One) – 15 years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment; (b) Conspiracy to kill in a foreign country, in violation of 18 U.S.C. § 956 (Count Two) – life

imprisonment, five years of supervised release, a $250,000 fine, and a $100 special assessment; (c) Making a false statement to a government official relating to an international terrorism offense, in violation of 18 U.S.C. § 1001 (Count Three) – eight years imprisonment, three years of supervised release, a $250,000 fine, and a $100 special assessment; and (d) Attempted identity theft to facilitate an act of international terrorism, in violation of 18 U.S.C. § 1028 (Count Four) – 30 years imprisonment, five years of supervised release, a $250,000 fine, and a $100 special assessment.

Therefore, the Court may impose a total maximum sentence of life imprisonment, five years of supervised release, a $1,000,000 fine, and a $400 special assessment. Further, the defendant's supervised release may be revoked if its terms and conditions are violated, in which case the original term of imprisonment may be increased by up to 5 years per count of conviction.

III.   ELEMENTS OF THE OFFENSES

   A.   Count One: Material Support to Terrorists, in violation of 18 U.S.C. § 2339A

In order to prove the defendant violated 18 U.S.C. § 2339A (providing material support to terrorists), the government must prove beyond a reasonable doubt that:

1. A statutorily prohibited terrorist activity existed or was prepared for, that is, conspiracy to kill in a foreign country in violation of 18 U.S.C. § 956;

2. The defendant provided material support or resources or attempted or conspired to do so, and;

3. The defendant knew or intended that the support or resources were to be used to carry out the activity described in the first element.

B. <u>Count Two: Conspiracy to Kill in a Foreign Country, in violation of 18 U.S.C. § 956(a)</u>

In order to prove the defendant violated 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, maim, or injure persons or damage property in a foreign country), the government must prove beyond a reasonable doubt that:

1. The defendant agreed with one or more other persons to murder another person at a place outside the United States;

2. The defendant knowingly and willfully joined the conspiracy;

3. The defendant was within the jurisdiction of the United States, and;

4. During the existence of the agreement, one of the conspirators – but not necessarily the defendant – committed at least one overt act within the jurisdiction of the United States to effect any object of the agreement.

C. <u>False Statements, in violation of 18 U.S.C. § 1001</u>

In order to prove the defendant violated 18 U.S.C. § 1001 (false statements), the government must prove beyond a reasonable doubt that:

1. The defendant made a false or fraudulent representation to a government official;

2. The government official was a member of the Executive Branch of the U.S. government;

3. The defendant's false statement was material to a matter within the jurisdiction of the Executive Branch;

4. The defendant made the false statement knowingly and intentionally, and;

5. The statement related to an international terrorism offense (for increased maximum penalties).

D. <u>Attempted Identity Theft, in violation of 18 U.S.C. § 1028(a)(2), (b)(4), (f)</u>

In order to prove the defendant violated 18 U.S.C. § 1028(a)(2), (b)(4), (f) (attempted identity theft), the government must prove beyond a reasonable doubt that:

1. The defendant transferred an identification document, or attempted to do so;

2. When the defendant transferred or attempted to transfer the identification document, the defendant did so knowing the document was stolen;

3. The identification document was or appears to have been issued by or under the authority of the United States, and;

4. The defendant did so to facilitate an act of international terrorism (for increased maximum penalties).

IV. <u>FACTUAL BASIS FOR THE PLEA</u>

If this case were to go to trial, the government would be able to prove each element of the offenses beyond a reasonable doubt. The government would also be able to prove each overt act of the April 1, 2010 superseding indictment. The government would introduce witness testimony as well as documentary evidence to prove that, in 2008 and 2009, Colleen R. LaRose worked obsessively on her computer to communicate with, recruit, and incite other jihadists. The government would present substantial electronic evidence to prove that LaRose – who began using the name "Fatima LaRose" when she converted to Islam – used multiple email accounts, multiple YouTube accounts, other websites, and various online usernames (including "JihadJane," "ExtremeSister4Life," and "SisterOfTerror") to publish violent jihadist literature

and videos, to communicate and join up with others who supported violent jihad, to raise funds for terrorists, to recruit other violent jihadists, and to plan an overseas murder in furtherance of violent jihad.

The government would introduce and authenticate various electronic communications to and from LaRose, including those set forth as Overt Acts in the superseding indictment, such as communications in which: (a) LaRose (while she was still living within the Eastern District of Pennsylvania) accepted an assignment by a co-conspirator to kill a Swedish man who drew a cartoon of the Prophet Mohammad's head on the body of a dog; (b) LaRose and her co-conspirators expressed their shared desire to become martyrs for Allah; (c) LaRose and her co-conspirators opined that LaRose's appearance would help her blend in with non-Muslims and thus achieve her jihadist goals; (d) LaRose agreed to obtain European citizenship and marry a co-conspirator, in order to allow that co-conspirator to travel to and around Europe to wage violent jihad; (e) LaRose discussed efforts to raise funds to support terrorists; (f) LaRose and her co-conspirators discussed the need to find other men to wage violent jihad, as well as other women who had passports and the ability to travel to and around Europe in support of violent jihad; and (g) LaRose and her co-conspirators actively recruited such men and women, and introduced potential violent jihadists to one another.

The government would also present evidence that LaRose took steps to carry out her plans prior to her arrest. Electronic evidence seized from LaRose would be presented to show that LaRose made efforts to locate and contact the intended victim of her murder plot. Travel documents, electronic communications, and testimony would prove that LaRose traveled to Europe on August 23, 2009, to be physically closer to her co-conspirators as well as her target.

Electronic communications would further prove that LaRose researched how to obtain citizenship in a European country. The government would prove that LaRose introduced co-conspirators interested in waging violent jihad to one another through various means of electronic communication. In addition, the government would present testimony and documents to prove that LaRose took her boyfriend's valid United States passport from him without his permission and transferred it to a co-conspirator in furtherance of their conspiracy, and that she intentionally removed and hid the hard drive from their home computer in an effort to obstruct any investigation into her crimes.

An agent with the Federal Bureau of Investigation (FBI) would testify at trial that LaRose made materially false statements to the FBI during an interview on July 17, 2009, including statements that she had never solicited funds for terrorism, that she had never made postings to a terrorist website, and that she had not used the on-line username "JihadJane." These statements would be proved false by electronic evidence seized from LaRose and other sources. The FBI agent would further testify that these false statements were material.

Finally, the government would present LaRose's own admissions – which were made after she received and waived her *Miranda* rights – that the charged statements she made to the FBI were indeed false, that she had taken and transferred her boyfriend's passport without his permission in order to give it to a co-conspirator, and that she had knowingly and intentionally joined up with her co-conspirators to provide material support to terrorists, including her

agreement and efforts to commit murder overseas as well as to provide logistical support, recruitment services, financial support, identification documents, and personnel.

        Respectfully submitted,

        ZANE DAVID MEMEGER
        United States Attorney

        */s/ Jennifer Arbittier Williams*
        JENNIFER ARBITTIER WILLIAMS
        Assistant United States Attorney

        */s/ Matthew F. Blue /jean*
        MATTHEW F. BLUE
        Trial Attorney
        Counterterrorism Section
        U.S. Department of Justice

Dated: January 28, 2011

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Government's Change of Plea Memorandum has been served by e-mail upon the following:

> Mark T. Wilson, Esquire
> Rossman D. Thompson, Esquire
> Defender Association of Philadelphia
> Federal Court Division
> The Curtis Center Building
> 601 Walnut Street
> Suite 540 West
> Independence Square West
> Philadelphia, PA 19106

_____
Jennifer Arbittier Williams
Assistant United States Attorney

DATED:   January 28, 2011