IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | CRIMINAL NO. 10-123-01 |
| COLLEEN R. LAROSE : | |
| a/k/a "Fatima LaRose," | |
| a/k/a "JihadJane" : | |

### ORDER

AND NOW, this 6th day of Jan, 2014, upon consideration of the government's motion, pursuant to Section 5K1.1 of the Sentencing Guidelines, for a downward departure, the Court enters this Order.

The Court finds as follows:

1. <u>Nature of assistance.</u> Section 5K1.1 lists as a relevant factor "the nature and extent of the defendant's assistance." In this case, LaRose met with the government repeatedly over several years, totaling more than 20 occasions. She met with law enforcement not only from the Eastern District of Pennsylvania, but from other parts of the country and the world, answering questions for hours at a time. LaRose helped the government understand some of the factors leading to homegrown violent extremism, and her information proved instrumental in multiple criminal investigations. LaRose's cooperation culminated in lengthy grand jury testimony which led to indictments against two individuals in the significant terrorism case <u>United States v. Ali Charaf Damache</u>, E.D. Pa. Crim. No. 11-420.

2. <u>Significance of cooperation.</u> Section 5K1.1 lists as a relevant factor "the

court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered." In this case, the government deems LaRose's cooperation very significant. She provided the government with insight into critical moments of the charged conspiracy, and she interpreted key e-mails and communications for government agents. As a result of LaRose's information and testimony, the grand jury indicted Ali Charaf Damache and Mohammad Hassan Khalid for serious terrorism offenses. Khalid has since pled guilty, and Damache remains incarcerated in Ireland as he fights extradition to the United States.[1]

       3.      <u>Reliability of information</u>. Section 5K1.1 lists as a relevant factor "the truthfulness, completeness, and reliability of any information or testimony provided by the defendant." In this case, the government has been able to corroborate much of LaRose's information with other evidence gathered by law enforcement. Thus, the government has determined that her information and testimony were truthful, complete, and reliable.

       4.      <u>Danger to defendant</u>. Section 5K1.1 lists as a relevant factor "any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance." In this case, although the government has not learned of any specific danger or risks to LaRose or her family, there is always some danger associated with government cooperation in a criminal investigation, particularly in terrorism investigations.

       5.      <u>Timeliness</u>. Section 5K1.1 lists as a relevant factor "the timeliness of the defendant's assistance." In this case, LaRose began cooperating immediately upon her arrest.

---

[1] LaRose provided significant information in other national security investigations as well. The government offered to provide further details regarding this information under seal if requested.

Her cooperation was timely and allowed the government successfully to pursue other terrorism indictments based on her information.

Upon considering and balancing all of these factors, the Court determines that the defendant provided important and timely information in a matter of public significance, at some personal risk, and accordingly is entitled to a downward departure at sentencing. Therefore, the government's motion under Section 5K1.1 is hereby granted, based on the defendant's substantial assistance in the investigation and prosecution of others.

BY THE COURT:

_____
HONORABLE PETRESE B. TUCKER
Chief Judge, United States District Court